UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

United States of America,

- against -

Jose Diaz,

Defendant.

-----------------------------------X

CR-02-1327(CPS)

MEMORANDUM OPINION AND ORDER

SIFTON, Senior Judge.

Defendant Jose Diaz ("Diaz" or "defendant") pleaded guilty on July 22, 2003 to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Defendant has been in custody since his November 12, 2002 arrest. Now before this Court is the Court's *sua sponte* motion, and a subsequent motion by the defendant, pursuant to 18 U.S.C. § 3582(c)(2), to modify defendant's sentence. For the reasons stated below, defendant's sentence is reduced to time served.

**Background**

Defendant pleaded guilty on July 22, 2003 to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Prior to sentencing, Diaz provided substantial assistance to the government, as detailed in a letter from the government dated December 5, 2003. At defendant's

December 18, 2003 sentencing, I adopted the Presentence Investigation Report's ("PSR") factual findings and United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") calculation, except I reduced the adjusted offense level beyond that recommended in the PSR based on a global plea. I thus determined that defendant was accountable for the equivalent of 41,125 kilograms of marijuana and that his adjusted offense level was 39.[1] With a Criminal History Category ("CHC") of III, defendant's Guidelines range was 324 to 405 months. Based on defendant's substantial assistance, however, I departed from this range and sentenced defendant to a term of 96 months.

After sentencing, defendant continued to cooperate and the government filed a motion, pursuant to Federal Rule of Criminal Procedure 35, permitting the Court to further depart from the 96-month sentence. Based on this additional cooperation, the Court re-sentenced defendant on March 15, 2006, to a term 84 months.[2]

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base

---

[1] The parties state in their submissions that the adjusted offense level was 41, but the Judgment correctly states the adjusted offense level as 39.

[2] Defendant appealed this sentence. His appeal apparently remains pending in the Second Circuit.

offense levels applicable to cocaine base (“crack”) offenses. On December 11, 2007, the United States Sentencing Commission (the “Sentencing Commission”) voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

On February 14, 2008, the Court issued an order for the government to show cause why the defendant’s sentence should not be modified. On March 13, 2008, the defendant, through counsel, moved for a modification of sentence to time served.

**Discussion**

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[3] Because the Sentencing Commission voted to apply

---

[3] 18 U.S.C. § 3582 provides, in relevant part:

> Modification of an imposed term of imprisonment. –– The court may not modify a term of imprisonment once it has been imposed except that –- in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 retroactively, I may consider defendant's eligibility for a reduction in his sentence. Under the amended Sentencing Guidelines, defendant's adjusted offense level becomes 37 which, with a CHC of III, suggests, at the low end, a term of imprisonment of 262 months.

Generally, a reduced sentence may not be lower than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A), p.s. However, U.S.S.G. § 1B1.10(b)(2)(B), p.s., provides that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guidelines range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a nonguideline [sic] sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

The government contends that, while a reduction may appear appropriate in this case under the first sentence of U.S.S.G. § 1B1.10(b)(2)(B), p.s., it is foreclosed by the second sentence since it considers defendant's March 15, 2006 sentence to be a non-guideline sentence. Defendant's ultimate sentence reflected a departure below the statutory minimum. As I could only depart below defendant's statutory minimum sentence of 10 years pursuant

to 18 U.S.C. § 3553(e), I agree that defendant's sentence is not a guidelines sentence, though for reasons different than those argued by the government. *See United States v. Ortiz*, No. 04 Cr. 268 (HB), 2008 WL 709488, at *5 (S.D.N.Y. Mar. 17, 2008) ("In sum, 18 U.S.C. § 3553(e) permits a court to impose a sentence below the *statutory* minimum . . . and U.S.S.G. § 5K1.1 permits a court to impose a sentence below the Sentencing Commission's *Guideline* minimum when the defendant has provided substantial assistance") (emphasis in original).

In *Ortiz*, Judge Baer declined to lower the sentence of a defendant who had provided substantial assistance to the government based on the recent amendments to the crack Sentencing Guidelines because the Court, in originally imposing Ortiz's sentence, departed not from the original sentencing range, which was 135 to 168 months, but from defendant's statutory minimum sentence, which was 324 months. *Id.* at 6. The Court reasoned that, as the statutory minimum was higher than the guideline range, defendant's guideline sentence pursuant to U.S.S.G. § 5G1.1 was 324 months. The Court continued by noting, among others, a recent Eighth Circuit case that held "a sentence reduction was not warranted where the district court had used the statutory mandatory minimum 'as its point of departure' in the original sentence." *Id*. (citing *United States v. Johnson*, No. 07 Cr. 1930, 2008 WL 516518, at *4 (8th Cir. Feb. 28, 2008)). Thus,

the Court concluded, the requirements of 18 U.S.C. § 3582(c)(2) were not met because defendant's guideline range, the statutory mandatory minimum, had not been lowered by the Sentencing Commission. *Id.*

Diaz's case is distinguishable and therefore, in this case, I need not reach what Judge Baer deemed a "regrettable result." *Id*. at 7. Diaz's initial Sentencing Guideline range was 324 to 405 months. By virtue of the recent amendments to the Sentencing Guidelines, his new Sentencing Guideline range becomes 262 to 327 months. Accordingly, Diaz's guideline range has been lowered by the Sentencing Commission as required by 18 U.S.C. § 3582(c)(2).

Since I based my departures for substantial assistance on the original sentencing range of 324 to 405 months and departed from that guideline level, defendant's original sentence was the functional equivalent of a guideline sentence. Although in sentencing defendant initially to 96 months and subsequently to 84 months I departed below the statutory minimum based upon the authority granted by 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1 factors "are instructive in determining how much of a departure below the statutory minimum is appropriate pursuant to § 3553(e) based on the defendant's substantial assistance." *United States v. Richardson,* --- F.3d ----, No. 05 Cr. 7005, 2008 WL 398969 (2d Cir. Feb. 15, 2008) (citing *Melendez v. United States*, 518 U.S. 120, 129, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996)). Thus, this

case presents an exception to the general rule limiting reduction of non-guideline sentences set forth in U.S.S.G. § 1B1.10(b)(2)(B), p.s.

84 months represents 26% of the low end of Diaz's original sentencing range. Per U.S.S.G. § 1B1.10(b)(2)(B), p.s., 26% of 262 months is 68 months.[4] With this sentence, together with defendant's accrued good-time credit[5], defendant would be eligible for release after serving approximately 60 months. Since defendant has been in custody since November 12, 2002, defendant has served more than this reduced term.

I next consider the 18 U.S.C. § 3553(a) factors, in particular, the potential threat of the defendant to the safety of the community and the post-sentencing conduct of the defendant. *See* U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(ii)and(iii)).

Releasing defendant on March 20, 2008 does not pose a threat to the community. Although defendant has been subject to three disciplinary sanctions during his incarceration, for which good time credit has been disallowed or phone privileges restricted,

---

[4] Defendant argues that the Court should subtract from defendant's amended Sentencing Guidelines range the same amount of months by which it originally reduced defendant's sentence. This is contrary to the language of U.S.S.G. § 1B1.10, p.s. *See* U.S.S.G. 1B1.10, p.s., comment. (n.3); *Ortiz*, 2008 WL 709488 at *4. In any event, by either method, defendant is eligible for a sentence of time served.

[5] Inmates receive 54 days per year of good-time credit off their sentences. Due to a few minor infractions, 26 days of defendant's good time credit was disallowed.

they were for minor infractions: abuse of telephone privileges or, on two occasions, possessing a non-hazardous tool. Otherwise defendant has maintained good conduct and worked towards self-improvement. His current work assignment is that of a housing unit orderly, where he has received outstanding work performance evaluations. He earned his General Educational Development diploma, and completed several other education classes. He has also attended a drug abuse education program, as well as a twelve-week non-residential drug treatment program. The Department of Probation has confirmed that defendant will live with his fiancée in the Bronx upon his release.

Consideration of the 18 U.S.C. § 3553(a) factors, including his personal characteristics and criminal history, the nature of the underlying offense, the need for protection of the public, deterrence, just punishment for the offense and respect for the law persuade me that a sentence of time served as of March 20, 2008 is appropriate.

**Conclusion**

For the reasons stated above, defendant’s sentence is reduced to time served. The Court will enter an Amended Judgment of Conviction, effective March 20, 2008, reducing the defendant’s sentence of imprisonment to time served. All other terms of the original Judgment of Conviction will remain unchanged. The Bureau of Prisons is directed to process defendant for release

from custody and to release him on March 20, 2008. The Clerk is directed to transmit a copy of the within to the parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          March 20, 2008

                    By: /s/ Charles P. Sifton (electronically signed)
                           United States District Judge